UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| NANCY J. DOLL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. |
| | ) |
| UNITED STATES OF AMERICA | ) |
| Serve at:  U. S. Attorney, Carrie | ) |
| Constantin | ) |
| Eastern District | ) |
| 111 S. 10th St. #20.333 | ) |
| St. Louis, MO. 63102 | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR PERSONAL INJURY UNDER THE FEDERAL TORT CLAIMS ACT

COMES NOW Plaintiff, Nancy Doll, by and through her attorney, Stephen E. Walsh of WALSH & WALSH, LLC, and for her Complaint against Defendant, United States Postal Service, states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff, Nancy Doll, is an adult female who at the time this tort was committed was residing in Doniphan, Ripley County, Missouri.

2. This automobile collision involving the parties occurred in the City of Doniphan, County of Ripley, Missouri.

3. The Defendant is the UNITED STATES OF AMERICA. The United States Postal Service, an agency and/or department of Defendant, employed Rita F. Morris who was operating her U. S. Postal Service motor vehicle within the scope and course of her employment with the United States Postal Service on November 1, 2014 in Doniphan, Ripley County, Missouri. Thus, venue is proper in this Court and jurisdiction is proper under 28 USC ' 1346.

4. On November 1, 2014, Plaintiff Nancy Doll was operating her 2007 Honda automobile in a northerly direction along and upon Lafayette St. in the City of Doniphan, Ripley County, Missouri. She was entering the intersection of Lafayette St. and Marvin St., with a private road existing on the east side of the intersection, Marvin St. entering to the west.

5. At that aforesaid time and place Rita Morris, an employee of the United States Postal Service acting within the course and scope of her employment, was traveling westerly toward the said intersection of Lafayette and Marvin Streets.

6. At said time and place Defendant's employee/agent Rita Morris was operating her motor vehicle in the course and scope of her employment with the U.S. Postal Service.

7. Defendant/employee Morris was careless and negligent in the operation of her motor vehicle in the following respects, to wit:

   a. Employee Morris negligently and carelessly failed to keep a careful lookout for vehicles being operated on Lafayette St. and in particular the vehicle being operated by Plaintiff, Nancy Doll;

   b. Employee Morris—when she reached the intersection—carelessly and negligently pulled out in front of the vehicle being driven by Plaintiff Nancy Doll;

   c. Employee Morris knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have stopped her vehicle before entering the intersection.

   d. Employee Morris failed to yield the right of way to Plaintiff Nancy Doll and entered the intersection carelessly and negligently striking the vehicle being driven by Plaintiff.

8. As a direct and proximate result of the carelessness and negligence of Defendant's employee and as a result of the collision, Plaintiff Nancy Doll was caused to be thrown violently forward and backward and against the interior of her vehicle causing Plaintiff to be severely, painfully and permanently injured in that she sustained trauma to her head, including her jaws and the muscles, ligaments, tendons, nerves and connecting tissues to

both of her jaws were traumatized and damaged and Plaintiff was rendered permanently injured as a result thereof; further, Plaintiff, Nancy Doll, has suffered and continues to suffer severe pain. Implants that were present in Plaintiff Nancy Doll's jaws at the time of the vehicular crash were traumatized and compromised and caused to become loosened and out of place. Because of the trauma to her jaw implants two surgeries have been necessitated and she has and will continue to have an extremely painful condition with regard to said areas. Further, pre-existing arthritis in her jaws and in her head area—which pre-existing arthritis was inactive and dormant before the collision—were severely aggravated and activated as a result of the collision.

9. Plaintiff Nancy Doll, suffered emotional damages in that she has suffered as a direct result of the crash severe depression, severe anxiety and has been unable to cope with the everyday stresses of life. Moreover, Plaintiff, Nancy Doll, has suffered short and long term memory loss, ability to have normal cognitive thinking, ability to eat normally; and said losses are permanent in nature.

10. Plaintiff, Nancy Doll, has been caused to suffer nervousness, inability to properly eat, sleep and relax, derangement of her nervous system, limitation of motion in her jaws and head, inability to carry on her

every day chores and pleasures, great mental, emotional and physical pain and suffering, inability to pursue or carry on her customary duties and responsibilities, inability to pursue or indulge in her accustomed pleasures, recreations and avocations and inability to continue her customary way of life as before said accident.

11. Plaintiff, Nancy Doll, has been caused to undergo extensive medical treatment and has had to have two major surgeries:  First, to remove her old compromised/damaged implants and a second surgery to insert new implants and she will in the future undergo further painful and serious medical procedures and treatment.  Plaintiff Nancy Doll's injuries are permanent, progressive and severe.  Plaintiff has become obligated to pay large sums for medical treatment, and will in the future be obligated to spend additional sums, in an amount presently unknown, all as a direct and proximate result of the foregoing injuries suffered from the aforesaid accident, and will in the future be required to undergo further painful and serious medical procedures.

12. On October 17, 2016, a Form 95 claim was sent by Federal Express to the U. S. Postal Service in Kansas City, Mo.  A copy of the U. S. Service Postal Service Tort Claims Coordinator's letter acknowledging receipt of the Form 95 claim on October 18, 2016 is attached hereto marked as Exhibit

5

1 and incorporated herein by reference. A copy of said Form 95 Claim is attached hereto, made a part hereof and marked Exhibit 2. To date, Defendant has taken no discernable action on the Form 95 claim filing, and more than six (6) months has elapsed since the claim was presented to the United States Postal Service.

13. On the Form 95 filed on October 17, 2016, Plaintiff requested damages in the sum certain amount of $993,000.00.

14. At the time of the Form 95, filing the complete nature and extent of Plaintiff's physical and mental/emotional injuries were not known. She was under medical treatment however she had not yet had a surgical procedure. Since the filing of the Form 95 Plaintiff has—as aforesaid mentioned—gone under two extensive and painful surgeries. The future of her jaw implants and the effectiveness of them are not known. The emotional and mental problems that have developed are most significant and continue. Since the filing of the Form 95 claim plaintiff has undergone excruciating physical and mental pain and suffering—pain and suffering that was not foreseeable at the time of the filing of the Form 95 on October 17, 2016. These additional surgeries and treatments constitute newly discovered evidence which was not reasonably discoverable at the time of presenting the claim to the United States Postal Service.

15. Because of subsequent treatments and the pain and suffering endured by Plaintiff and because of the future prognosis of Plaintiff with regard to her implants is uncertain Plaintiff is requesting that this Court allow her to seek damages in excess of the amount claimed in her Form 95 filing. If the Court so allows, Plaintiff will seek the amount of $1,750,000.00 (One Million Seven Hundred Fifty Thousand Dollars) and the costs and interest of this proceeding.

WHEREFORE, Plaintiff Nancy Doll by and through her attorneys pray for Judgment against the U.S. Postal Service for an amount of $1,750,000.00 (One Million Seven Hundred Fifty Thousand Dollars) together with her costs herein expended and pre-judgment and post-judgment interest as provided by law.

BY: _/s/Stephen E. Walsh___
STEPHEN E. WALSH #24992
ATTORNEY FOR PLAINTIFF
WALSH & WALSH LLC
635 N. MAIN STREET
POPLAR BLUFF, MO. 63901
TEL: 573 712 2909
FAX 573 712 2912
swalsh@walsh-firm.com